IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER O. TAYLOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 11-01402 SI<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE** |

On June 3, 2011, the Court heard argument on defendants' motion to dismiss the complaint in this matter. Plaintiff, who is proceeding *pro se*, appeared at the hearing but did not file a brief in opposition to defendants' motion. Having considered the arguments of the parties and the papers submitted, the Court GRANTS defendants' motion.

Because plaintiff is a *pro se* litigant, this Court construes his complaint liberally. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Even giving plaintiff's complaint a liberal reading, however, the Court finds that it fails to meet the minimum pleading requirements of the Federal Rules of Civil Procedure.

Defendants have submitted a number of public records to this Court that detail plaintiff's mortgage loan, the deed of trust for plaintiff's home, and the trustee's sale that occurred in March 2010.[1]

---

[1] Defendants have requested that the Court take judicial notice of (1) the mortgage note; (2) six public records from the Alameda County Recorder's office; (3) plaintiff's six bankruptcy filings; (4) the complaint and default judgment in Wells Fargo's unlawful detainer action; and (5) five documents reflecting official acts or records of the Office of Thrift Supervision, the Office of the Comptroller of the Currency, and the Federal Deposit Insurance Corporation. Defendants' Request for Judicial Notice, Exhs. A-O. The Court finds these matters appropriate for judicial notice and therefore GRANTS defendants' request. *See* Federal Rule of Evidence 201.

To a large extent, plaintiff's complaint – which appears to have been hastily copied from another source – is inconsistent with these documents. The complaint identifies the property at issue with an incorrect address, sometimes indicating that the property is located in an entirely different city. *See*, *e.g.*, Complaint, ¶¶2, 6, 14. It provides the wrong dates for all of the material events connected to plaintiff's home loan and foreclosure. Complaint, ¶¶22, 23. It names as a defendant Wells Fargo Home Mortgage, when that entity does not appear to have played any role in plaintiff's loan or foreclosure. *See*, *e.g.*, Defendant's Request for Judicial Notice, Exhs. A-E, G-H. And it refers throughout to actions taken by U.S. Bank and First American, when neither of those entities is a defendant in, or in any way related to, this action.

Before he may proceed with his lawsuit, plaintiff must either correct these apparent errors or must explain why the records defendants have provided to the Court are not accurate. Accordingly, the Court GRANTS defendants' motion and DISMISSES plaintiff's complaint WITHOUT PREJUDICE. Docket No. 6. If plaintiff chooses to file an amended complaint, the complaint shall describe in plain language: (1) why each defendant is being sued; (2) the specific claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) the relief that plaintiff seeks. **Plaintiff must file his amended complaint by June 24, 2011. Failure to do so will result in final dismissal of this case.**

**IT IS SO ORDERED.**

Dated: June 3, 2011

SUSAN ILLSTON
United States District Judge