IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER OMAR TAYLOR, | No. C 11-01402 SI |
| Plaintiff, | **ORDER RE: AMENDED COMPLAINT AND DENYING MOTION FOR STAY** |
| v. | |
| WELLS FARGO BANK, N.A., *et al.*, | |
| Defendant. | |

On June 3, 2011, the Court granted defendants' motion to dismiss. Plaintiff, who is proceeding *pro se*, appeared at the hearing without filing a brief in opposition to defendants' motion. The dismissal was without prejudice, and the Court granted plaintiff leave to file an amended complaint by June 24, 2011. The Court instructed plaintiff to

> describe in plain language: (1) why each defendant is being sued; (2) the specific claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) the relief that plaintiff seeks.

Doc. 15.

On June 6, plaintiff filed a document with the caption "plaintiff's request for a 90 day continuance on creditors Wells Fargo Bank's motion for relief from stay." Doc. 17. In the request, plaintiff argues that the continuance is necessary so that he can seek the assistance of counsel. In an attached affidavit, he asserts that the continuance is necessary so that he can "show that the foreclosure process . . . included forged documents." Doc. 18.

No defendant in this case has filed a motion for relief from stay, so it is not clear what plaintiff is seeking with this request. If the Court were to construe plaintiff's request as a motion for a

continuance of defendants' motion to dismiss, it would deny the motion as moot, as the Court had ruled on defendants' motion before plaintiff's request was received by the Clerk of the Court. If the Court were to construe the request as a motion to stay the proceedings in this case, the Court would deny the request, as plaintiff does not provide a single fact in support of his conclusory statement that the foreclosure process "included forged documents." Plaintiff's request is DENIED. (Doc. 17.)

Plaintiff did not file a case management statement or appear at the case management conference on July 1. However, on June 24, 2011, plaintiff filed a document with the caption "plaintiff's opposition to [defendants'] motion to dismiss." Doc. 19. At the case management conference, the Court agreed to review plaintiff's filing to determine if it should be construed as an amended compliant. *See* Minute Entry, Doc. 21.

Plaintiff's "opposition" is not in any way responsive to the arguments in defendants' motion to dismiss. Nor does it relate to the facts alleged or claims made in plaintiff's initial complaint, except that it appears to relate to the same loan and foreclosure. Rather, the "opposition" argues that plaintiff's claim should not be dismissed because plaintiff is entitled to rescission under the federal Truth in Lending Act ("TILA") and Regulation Z (12 C.F.R. Part 226), and entitled to "recoupment" under the common law. Although plaintiff's filing does not include all of the information that the Court ordered plaintiff to put in his amended complaint, the Court nonetheless construes the filing as an amended complaint.[1]

---

[1] Pro se plaintiffs are entitled to have their filings construed liberally. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). They are still required to follow court orders, however, and are subject to sanctions if they fail to do so, up to and including dismissal of their lawsuits. Plaintiff initiated this lawsuit. He was served with the clerk's notice scheduling the case management conference, as well as the Court's standing order with regard to case management conferences. *See* Doc. 12. Plaintiff was also served with the order granting him leave to file an amended *complaint*, not a brief opposing a motion that had already been granted. Although the Court is construing this opposition brief as an amended complaint, the Court will not grant plaintiff such leeway with regard to orders in the future.

The deadlines for defendants to file any responsive pleadings or motions shall be calculated from the date of the filing of this order.

**IT IS SO ORDERED.**

Dated: July 20, 2011

SUSAN ILLSTON
United States District Judge